IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GOURMET GALLERY CROWN BAY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil No. 2014-51 ) ) |
| TROPICAL SHIPPING AND CONSTRUCTION COMPANY LIMITED and TROPICAL SHIPPING USA, LLC, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

Before the Court is defendants' motion [DE 12] for summary judgment and plaintiff's cross motion [DE 21] for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. On October 14, 2014, the Court held an evidentiary hearing on the motion to further develop the record.[1]

### I.   STATEMENT OF FACTS[2]

Gourmet Gallery Crown Bay, Inc. ("plaintiff") owns and operates a retail grocery store in St. Thomas, U.S. Virgin Islands. Plaintiff contracted with Tropical Shipping and Construction Company Limited and Tropical Shipping USA, LLC (collectively "Tropical") to ship perishable

---

[1] During the hearing, the parties stipulated to the authenticity of the documents cited in their memoranda.

[2] The parties' statements of facts include references to factual allegations in plaintiff's complaint. Allegations contained in a complaint, are not evidence, however, and cannot defeat a motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ( "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves...."). To the extent both parties agree on the facts stated, the Court determines as to those facts that there is no genuine issue for trial.

goods from Port of Palm Beach Seaport, Florida to Crown Bay Seaport, U.S. Virgin Islands for the period September 10, 2012 to April 30, 2013. Pl.'s Compl., Ex. A at 1 ¶ 7 [DE 1-1]. The transport of goods was governed by a Combined Transport Bill of Lading (the "Bill"), a Confidential Services Contract (the "Contract") and the bills of lading issued for each individual shipment. *See id.*; Defs.' Statement of Facts ("SOF"), Ex. A [DE 14-1]; Pl.'s SOF, Exs. 2-3 [DE 23].

On March 3, 2013, Tropical issued bill of lading TSCW10676450 (the "March BOL") for shipment of perishable produce to plaintiff on March 4, 2013. Pl.'s SOF, Ex. 1 [DE 23]. The March BOL included the instruction "** MAINTAIN TEMP AT 34 DEGREES 'F' **". *Id*. The parties contracted for delivery of this shipment to plaintiff on March 5, 2013. Pl.'s SOF, Ex. 7 [DE 23]. The shipment did not arrive until March 7, 2013. *Id*.

On March 9, 2013, plaintiff notified Tropical that the belated shipment included "products that expired or had 1-2 days to expiration." Pl.'s SOF, Ex. 5 [DE 23]. That same day, Tropical advised that shipping delays "happen[] every year between December and March as [the] vessel that arrives [in St Thomas] . . . originates in Canada, and there are often delays due to the bad weather between Canada and the Caribbean. You can file a claim with Tropical if you would like." *Id*. On an unspecified date, plaintiff presented a "Claim of Loss to Tropical Shipping" totaling $25,665.70. *Id.*, Ex. 6. On July 6, 2013, plaintiff inquired as to the status of the claim. *Id.*, Ex. 4. Three days later, plaintiff learned Tropical had denied its claim. *Id*. On July 12, 2013, Tropical explained the delayed delivery was the result of "bad weather out of Canada . . . [which] was an 'Act of God', and as such, carriers are not liable for loss of product shipped within a couple days from expiration dates." *Id*.

On December 12, 2013, plaintiff's counsel sent a letter to Tropical, threatening litigation

if it failed to pay the "Claim of Loss." *Id.*, Ex. 8. On April 30, 2014, plaintiff filed suit against Tropical, seeking to recover for economic losses from the March 2013 shipment delay. Plaintiff alleges a violation of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C § 1300 *et seq.*, and asserts alternative claims for breach of contract, unjust enrichment and bailment. Plaintiff seeks $25,665.70 in damages plus interest, costs and attorney's fees.

## II.     LEGAL STANDARD

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates "there is no genuine dispute as to any material fact," thus entitling the moving party to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining "irrelevant or unnecessary" factual disputes do not preclude summary judgment). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "In considering a motion for summary judgment, a [] court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *N.H. Ins. Co. v. Diller*, 678 F. Supp. 2d 288, 295 (D.N.J. 2009) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)).

The movant has the initial burden of showing no genuine issue of material fact exists. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). Once the moving party meets this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 323; *see Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (stating the non-moving party "may not rest upon mere allegations,

general denials, or . . . vague statements"); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the nonmoving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument").

### III. DISCUSSION

#### A. Defendants' Motion for Summary Judgment

Tropical argues that this Court should grant summary judgment on the ground that this action is time-barred under the terms of the Bill. In the alternative, Tropical argues that the Bill contains a valid forum selection clause that identifies the District Court of the Southern District of Florida as the proper forum. Finally, Tropical argues that even if plaintiff's suit is properly and timely filed, Tropical is entitled to partial summary judgment limiting its liability to a maximum of $500 pursuant to COGSA.

It is well established that parties may agree to a limitations period shorter than that provided by state law, "provided that the shorter period itself [is] reasonable" and there is "no controlling statute to the contrary." *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947); *accord Missouri, Kan., & Tex. Ry. Co. v. Harriman Bros.*, 227 U.S. 657, 672 (1913). This holding reflects the general principle that the parties' freedom of contract should be given effect absent clear policy considerations to the contrary.[3] It reflects further the policy underlying statutes of limitation, namely to "encourage promptness in the bringing of actions, [so] that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory." *Harriman Bros.*, 227 U.S. at 672

---

[3] *See Smith v. The Ferncliff*, 306 U.S. 444, 450 (1939) ("The general rule of our law is freedom of contract, subject only to statute and considerations of the public interest. Where a contract stipulation is not clearly opposed to public policy it should be upheld, as it is the agreement of the parties.").

(alteration added); *accord Wolfe*, 331 U.S. at 608 n.20 (1947) ("The policy of these statutes [of limitation] is to encourage promptitude in the prosecution of remedies") (alteration in original; citations omitted).

Here, the Bill's "time bar" clause provides in relevant part as follows: "The Carrier shall be discharged of all liability unless suit is brought in the proper forum **and** written notice thereof received by the Carrier within one (1) year after delivery of the Goods or the date when the Goods should have been delivered." Defs.' SOF, Ex. A ¶ 8(5) [DE 14-1] (emphasis added). The parties agree that the contracted-for delivery date was March 5, 2013; however, the goods did not arrive until March 7, 2013. Accordingly, as defined in the parties' agreement, the limitations period governing plaintiff's loss expired at the latest March 7, 2014. Plaintiff did not file its complaint until April 30, 2014.

Plaintiff does not argue that the "time bar" clause is unreasonable or that a controlling statute to the contrary exists. Rather, plaintiff maintains that its failure to file suit within one year of the date of delivery should be excused because (1) it provided written notice in December 2013 of its "*intent* to pursue litigation" and (2) was confused as to the proper forum in which to file suit in light of the "conflicting forum selection clauses in Defendants' shipping contracts."[4] Pl.'s Resp. at 8 [DE 22]; Pl.'s SOF, Ex. 8 [DE 23 at 34]. Giving plaintiff every benefit of the doubt, the Court assumes *arguendo* that written notice of plaintiff's intent to file suit constitutes the requisite "written notice." Nevertheless, even if ambiguity exists as to the type of proceeding (i.e., filing for arbitration or initiating a lawsuit) and the proper forum (i.e., Miami or the

---

[4] The Bill provides that the U.S. District Court for the Southern District of Florida "shall be the sole and exclusive forum for any claim or dispute []." Defs.' SOF, Ex. A ¶ 23 [DE 14-1]. The Contract provides, however, that all disputes be arbitrated in Miami, Florida. Pl.'s SOF, Ex. 3 Addendum B [DE 23 at 18].

Southern District of Florida generally), plaintiff conceded during the hearing that these ambiguities have no impact on the Bill's "time bar" clause. That clause unequivocally provides **when** suit must be brought. Moreover, no evidence was presented as to the unreasonableness of the "time bar" clause nor did plaintiff cite a "controlling statute to the contrary." Accordingly, the Court finds that the "time bar" clause is valid and governs plaintiff's suit against Tropical. Because plaintiff filed its suit after the limitations period had run, the Court finds, as a matter of law, that plaintiff's lawsuit was untimely filed.

Accordingly, Tropical is entitled to summary judgment on the ground that plaintiff's claims were filed beyond the contractual limitation under the Bill. As the Court finds that the action in its entirety is time barred, the Court declines to address the other grounds raised by Tropical.

**B.    Plaintiff's Motion for Summary Judgment**

In light of the Court's decision to grant Tropical summary judgment, the Court finds as moot plaintiff's motion for summary judgment.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Tropical's motion [DE 12] for summary judgment, finds as MOOT plaintiff's cross motion [DE 21] for summary judgment, finds as MOOT Tropical's pending motion to stay discovery [DE 25] and finds as MOOT Tropical's pending motion for extension of time to complete discovery [DE 28]. An appropriate judgment follows.